UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

NANCY PATRICIA ESPINOSA, et ano.,  :

               Plaintiffs,  :

     -against-  :    **DISCOVERY ORDER**

DELGADO TRAVEL AGENCY, INC.,  :    05 Civ. 6917 (SAS)(FM)

               Defendant.  :

------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

       In this action, plaintiffs Nancy Patricia Espinosa ("Espinosa") and Monica Montero ("Montero") assert sexual harassment and wage and hour claims against defendant Delgado Travel Agency, Inc., ("Delgado Travel"). By Order dated June 1, 2006, Judge Scheindlin referred the case to me for the limited purpose of resolving several discovery disputes raised by plaintiffs' counsel's letter of May 31, 2006. Having reviewed that letter and defense counsel's response dated June 5, 2006, my rulings are as follows:

    1.    Witness Statements

       In April 2004, prior to the filing of the complaint in this action, Espinosa caused criminal charges of sexual assault to be brought against Hector Delgado ("Delgado"), the president and sole shareholder of Delgado Travel. At that time, counsel for Delgado and Delgado Travel retained investigators, who interviewed witnesses along with counsel and drafted statements that the interviewees signed. Montero was the only party to this action who was interviewed, and her statement has already been produced to plaintiff's counsel.

       Not content with that disclosure, plaintiffs now seek to compel the production of "[a]ll statements, memoranda, or other documents relating to witnesses or potential witnesses . . . contacted in connection with the complaint or Espinosa's criminal complaint against Delgado," (Doc. Request No. 32), and "[a]ll communications with Espinosa and Montero or any other employee or agent of Delgado Travel concerning the plaintiffs' complaints of sexual harassment," (Doc. Request No. 40). (See letter dated June 5, 2006, from Robert N. Holtzman, Esq., to the Court ("Holtzman Letter"), at 1). Plaintiffs claim that these documents are relevant because they will contain information obtained from persons with knowledge of the facts at issue. (See letter dated May 31, 2006, from Peter G. Eikenberry, Esq., to the Court ("Eikenberry Letter"), at 1). Plaintiffs further contend that these documents are relevant because they will confirm that Delgado Travel employees, including Montero, were "pressured by management to make false statements to the investigator." (Id. at 2).

       Delgado Travel resists production on the ground that the requested documents are attorney work-product material. (See Holtzman Letter at 2). The plaintiffs counter that (a)

Delgado cannot invoke the work-product rule to withhold documents prepared for his benefit because he is not a party to this action, and (b) even if the statements are protected work-product, they still are discoverable because the plaintiffs have a substantial need for the materials. (See Eikenberry Letter at 2-3).

Rule 26(b)(3) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

Plaintiffs argue that Delgado Travel cannot rely on the work-product rule because Delgado is not a party to this action. This contention fails for at least two reasons. First, defense counsel has represented that the investigators who prepared the disputed statements were retained on behalf of both Delgado and Delgado Travel to investigate the sexual assault charges. As such, since the statements were prepared on behalf of Delgado Travel, a party to this action, they are entitled to protection under the work-product doctrine, provided they were prepared in anticipation of litigation. United States v. Adlman, 134 F.3d 1194, 1195 (2d Cir. 1998).

Furthermore, even if the investigators were retained by Delgado, rather than Delgado Travel, it is undisputed that he is the president of Delgado Travel and its sole shareholder. For that reason, he certainly qualifies as an agent or representative of a party under Rule 26(b)(3). It follows that any statements procured on his behalf would also be the subject of the privilege under the rule, if prepared in anticipation of litigation. See, e.g., Construction Indus. Servs. Corp. v. Hanover Ins. Co., 206 F.R.D. 43, 49 (E.D.N.Y. 2001) (finding that certain documents prepared by the president of the company came under the protection of the privilege). Delgado's agency is perhaps most clearly established by the fact that his own conduct, if proven, could be imputed to Delgado Travel, and result in its liability on the plaintiffs' sexual harassment claims.

In addition to being prepared for a party or its agents, the statements must have been prepared in anticipation of litigation to be protected. In that regard, although this case was not instituted until more than one year after the criminal charges against Delgado were filed, a civil suit arising out of the criminal allegations could reasonably have been anticipated. Indeed, defense counsel has represented that some of the requested documents reflect interviews which took place after the plaintiffs filed charges with the Equal Employment Opportunity Commission. Certainly, at that point, there can be no dispute that civil litigation was reasonably anticipated.

The plaintiffs also allege that even if the statements are work product, they should be turned over because the plaintiffs have a substantial need for the information contained therein which cannot otherwise be secured without undue hardship. (See Eikenberry Letter at 3). Under Rule 26(b)(3), even a meritorious assertion of the work-product rule may be overcome by a showing of substantial need. See, e.g., In re Bairnco Corp. Sec. Litig., 148 F.R.D. 91, 102 (S.D.N.Y. 1993). Here, however, apart from tracking the language of the rule, the plaintiffs have not established that the information they seek is unavailable to them through other means, such as interviewing the witnesses themselves or taking depositions. See, Xerox v. I.B.M. Corp.,64 F.R.D. 367, 382 (S.D.N.Y. 1974).

The plaintiffs' application to compel the production of the documents prepared by the investigators pursuant to Document Requests Nos. 32 and 40 is therefore denied.

2. Criminal Records

Plaintiffs further seek the production of "[a]ll documents concerning or resulting from any charge of criminal misconduct alleged against Delgado or Delgado Travel," (Doc. Request No. 10), and "[a]ll documents concerning any complaints, claims, grievances, charges, lawsuits, indictments, judgments, or any other civil or criminal action filed, made or otherwise expressed against Delgado or Delgado Travel relating to any form of financial misconduct or tax evasion," (Doc. Request No. 11). (See Holtzman Letter at 3-4). They since have modified these requests "to exclude 'violations' or infractions such as traffic fines or parking tickets." (Eikenberry Letter at 3).

"The criminal record of an opponent is relevant and discoverable because it is useful for impeachment purposes, but unproved charges against a party need not be disclosed." 6 Moore's Federal Practice § 26.41[4][a] (3d ed. 2000) (citing Eaddy v. Little, 235 F. Supp. 1021, 1022-23 (E.D.S.C. 1964)). Accordingly, only criminal charges which resulted in a judgment against Delgado or Delgado Travel need be disclosed in response to Document Requests Nos. 10 and 11.

Plaintiffs' counsel indicates that Delgado Travel also paid a one million dollar fine on behalf of Delgado, but has furnished no further details, perhaps because none are known to the plaintiffs. Accordingly, on the present record, it is impossible to tell whether documentation concerning this fine is relevant to the present lawsuit. The request to compel an answer to Request No. 11 is therefore denied without prejudice to a subsequent application.

3. Further conference

The parties have jointly asked to adjourn the June 28, 2006 status conference. That conference is rescheduled to July 19, 2006, at 3 p.m. If plaintiffs wish to pursue their request for further information concerning the fine imposed on Delgado Travel, they should

3

submit a more detailed justification by July 5, 2006. If such a submission is made, Delgado Travel is directed to submit the responsive documents to me, in camera, by July 14, 2006, so that I will be able to review them in advance of the conference.

        SO ORDERED.

Dated:      New York, New York
             June 22, 2006

                                        FRANK MAAS
                                  United States Magistrate Judge

Copies to:

Hon. Shira A. Scheindlin
United States District Judge

Peter G. Eikenberry, Esq.
74 Trinity Place, Suite 1609
New York, New York 10006
Fax:   (212) 385-1017

Janet C. Neschis, Esq.
McLaughlin and Stern, LLP
260 Madison Avenue
New York, New York 10016
Fax:   (212) 448-6273

Robert Neil Holtzman, Esq.
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
Fax:   (212) 715-8000