UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                      :

NANCY PATRICIA ESPINOSA and
MONICA MONTERO, on behalf of               :
themselves and as representatives of a class
of persons similarly situated,                 :    **OPINION AND ORDER**

                          Plaintiffs,                  :    05 Civ. 6917 (SAS)

       - against -                             :

THE DELGADO TRAVEL AGENCY, INC.,  :

                         Defendant.               :

------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        Defendant has filed a motion to dismiss the class action claims in plaintiffs' amended complaint. For the reasons described below, the motion must be granted.

## II.    BACKGROUND[1]

        Nancy Espinosa and Monica Montero both filed charges with the Equal Employment Opportunity Commission ("EEOC") on November 24, 2004,

---

[1] The following facts are drawn from the parties' submissions and are undisputed unless otherwise noted.

alleging, *inter alia*, that they were subjected to sexual harassment during their employment at Delgado Travel.[2] On May 19, 2005, Espinosa and Montero received right-to-sue letters from the EEOC.[3] The letters explained that complainants were permitted file a lawsuit within ninety days of receipt of the letter and stated that "otherwise, [the] right to sue based on this charge will be lost."[4]

Espinosa and Montero filed the instant action on August 3, 2005, pleading individual claims of sexual harassment in violation of Title VII, the New York Human Rights law, and the New York City Administrative Code, as

---

[2] *See* Amended Complaint ("Am. Compl.") ¶ 358.

[3] *See id.* ¶ 359.

[4] Dismissal and Notice of Rights to Monica Montero, Ex. I to Declaration of Norman C. Simon, Counsel to Defendant ("Simon Decl."); Dismissal and Notice of Rights to Nancy Espinosa, Ex. J to Simon Decl.
It is proper for this court to consider the relevant documentation from the EEOC proceedings although they were not attached to the complaint, because plaintiffs "rely on these documents to satisfy [Title VII's] time limit requirements. '[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment.'" *Holowecki v. Federal Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006) (quoting *International Audiotext Network, Inc. v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

well as violations of federal and state wage and hour laws.[5] Almost ten months later, on May 31, 2006, plaintiffs faxed a proposed amended class action complaint to defendant's counsel, who did not consent to its filing. On June 9, plaintiffs moved for leave to file an amended Complaint. In an affidavit submitted with that motion, plaintiffs' counsel stated that "[d]uring the discovery phase of the first complaint, three former female employees of Delgado Travel made appointments with my office expressing a desire to file claims of sexual harassment and sex discrimination against Hector Delgado and Delgado Travel Agency Corp."[6] Based on what he had learned during discovery, plaintiffs' counsel had come to believe that "approximately several dozen former and current employees of Delgado Travel were subjected to Delgado's sexual misconduct."[7]

After an in-person conference on June 22, 2006, plaintiffs were granted permission to file the amended complaint without prejudice to defendant's right to challenge the new class action claims as time-barred. Plaintiffs filed the amended complaint on June 23, and on July 14 defendant

---

[5]  *See* Original Complaint ("Compl.") ¶¶ 2-335.

[6]  Affidavit of Peter G. Eikenberry, Counsel to Plaintiffs, Ex. C to Simon Decl., ¶ 6.

[7]  *Id.* ¶ 13.

well as violations of federal and state wage and hour laws.[5] Almost ten months later, on May 31, 2006, plaintiffs faxed a proposed amended class action complaint to defendant's counsel, who did not consent to its filing. On June 9, plaintiffs moved for leave to file an amended Complaint. In an affidavit submitted with that motion, plaintiffs' counsel stated that "[d]uring the discovery phase of the first complaint, three former female employees of Delgado Travel made appointments with my office expressing a desire to file claims of sexual harassment and sex discrimination against Hector Delgado and Delgado Travel Agency Corp."[6] Based on what he had learned during discovery, plaintiffs' counsel had come to believe that "approximately several dozen former and current employees of Delgado Travel were subjected to Delgado's sexual misconduct."[7]

After an in-person conference on June 22, 2006, plaintiffs were granted permission to file the amended complaint without prejudice to defendant's right to challenge the new class action claims as time-barred. Plaintiffs filed the amended complaint on June 23, and on July 14 defendant

---

[5]  *See* Original Complaint ("Compl.") ¶¶ 2-335.

[6]  Affidavit of Peter G. Eikenberry, Counsel to Plaintiffs, Ex. C to Simon Decl., ¶ 6.

[7]  *Id.* ¶ 13.

moved to dismiss the class action claims.

## III. LEGAL STANDARDS

### A. Motion to Dismiss

"A court may not dismiss an action" pursuant to Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[8] The task of the court is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."[9] When deciding a motion to dismiss, courts must accept all factual allegations in the complaint as true, and draw all reasonable inferences in plaintiff's favor.[10] Although the plaintiff's allegations are taken as true, the claim may still fail as a matter of law if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief, or if the claim is not legally

---

[8] *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[9] *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004) (quotation marks and citation omitted).

[10] *See Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp.*, 369 F.3d 27, 30 (2d Cir. 2004) (citation omitted).

feasible.[11]

### B. Timeliness of Title VII Claims

There are multiple statutory requirements that govern the timeliness of a Title VII claim in federal court. One prerequisite is that an administrative charge must have been filed with the EEOC within three hundred days of the alleged discriminatory practice.[12] The "single filing rule" provides an exception to this requirement that is sometimes referred to as "piggybacking."[13] "'[W]here one plaintiff has filed a timely EEOC complaint, other non-filing plaintiffs may join in the action if their individual claims aris[e] out of similar discriminatory treatment in the same time frame.'"[14] But in cases involving a "large group" of potential plaintiffs, "piggybacking is not allowed unless the filed charge provides 'some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim.'"[15]

---

[11]   See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P., 322 F.3d 147, 158 (2d Cir. 2003).

[12]   See 42 U.S.C. § 2000e-5(e)(1).

[13]   See, e.g., Holowecki, 440 F.3d at 564.

[14]   Id. (quoting Snell v. Suffolk County, 782 F.2d 1094, 1100 (2d Cir. 1986) (quotation marks omitted)).

[15]   Id. (quoting Tolliver v. Xerox Corp., 918 F.2d 1051, 1058 (2d Cir. 1990)).

A second requirement is that a Title VII lawsuit must be filed within ninety days of the claimant's receipt of a right-to-sue letter from the EEOC.[16] The "single filing rule" does not operate as an exception to this requirement – "although a plaintiff may use the single filing rule to piggyback on the timely administrative charge of another, he must still satisfy the second condition by filing suit in federal court within the limitations period."[17]

### C. Relation Back Doctrine

The goal of relation back principles is "to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."[18] Rule 15(c) establishes that when an amendment to a pleading changes the party against whom a claim is asserted, the amendment will relate back to the original pleading only if: (1) the claim asserted in the amended pleading "arose out of

---

[16] *See* 42 U.S.C. § 2000e-5(f)(1); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984).

[17] *Levy v. United States Gen. Accounting Office*, No. 97 Civ. 4016, 1998 WL 19391, at *3 (S.D.N.Y. Apr. 22, 1998), *aff'd*, 175 F.3d 254 (2d Cir. 1999) ("We affirm for substantially the reasons stated by the district court in its holding with regard to the single filing rule."). *See also Tolliver*, 918 F.2d at 1059 ("Nor need we have concern that application of the single filing rule will oblige Xerox to defend against stale claims. The ADEA statute of limitations provides adequate assurance that stale claims will not remain viable.").

[18] *VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir. 2001) (quotation marks and citations omitted).

the conduct, transaction, or occurrences set forth or attempted to be set forth in the original pleading"; (2) the party "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits"; and (3) the party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[19] The Second Circuit has held that although the Rule "is framed in terms of an amendment that would change the party 'against' whom the claim is asserted and of the new party's ability to maintain a 'defense,' it is also applicable to a proposed change of plaintiffs."[20]

In cases involving an amended complaint that attempts to change plaintiffs, "[t]he history of the Rules makes clear not only that Rule 15 was meant to be generally applicable to a proposed change of plaintiffs, but that in this regard Rule 17(a) is implicated as well."[21] Rule 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . substitution of [ ] the real party in interest; and such . . . substitution

---

[19] Fed. R. Civ. P. 15(c).

[20] *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997).

[21] *Id.*

7

shall have the same effect as if the action had been commenced in the name of the real party in interest."[22] The Second Circuit has explained that "Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."[23]

## IV.  DISCUSSION

Plaintiffs and defendant dispute whether the proposed class action claims should receive the benefit of the single filing rule, but this issue has no bearing on the outcome of the motion. Even if the new members of the putative class *could* take advantage of the single filing rule and avoid dismissal for failure to exhaust administrative remedies, their claims must nevertheless be dismissed because they failed to file an action within ninety days of the receipt of the right-to-sue letter. The new plaintiffs' claims were asserted more than one year after Espinosa and Montero received their right-to-sue letters from the EEOC. Thus, under section 2000e-5(f)(1) of Title 42 of the United States Code, the class action claims are not legally feasible and must be dismissed.

Class action plaintiffs cannot escape this statutory requirement by relating their claims back to the filing date of the original complaint in the

---

[22]  Fed. R. Civ. P. 17(a).

[23]  *Advanced Magnetics*, 106 F.3d at 20.

absence of notice to defendants of widespread and systemic discrimination.  The class action claims do not fulfill any of the three requirements that must be met in order for the members of the putative class to receive the benefit of the relation back doctrine under Rule 15.  *First*, the claims cannot be said to have arisen "out of the conduct, transaction, or occurrences set forth or attempted to be set forth in the original pleading."[24]  The Title VII claims in the original complaint described the following conduct and occurrences: the hiring of Espinosa and Montero; the uniforms worn by all Delgado Travel employees; events on August 10, 2003 and January 6, 2004 that involved multiple Delgado Travel employees but focused on abusive behavior toward Espinosa and Montero; events in November 2003, February 2004, and April 2004 involving only Delgado, Espinosa and Montero; a meeting between Montero and Delgado's lawyers; and the resignations of Espinosa and Montero.[25]  The amended complaint still includes all of the allegations relevant to the original plaintiffs' claims, but it adds many pages of entirely new allegations related to the proposed class members.[26]  These new factual allegations focus on events, dates, and people that were never mentioned in the original complaint.

---

[24]  Fed. R. Civ. P. 15(c)(2).

[25]  *See* Compl. ¶¶ 42-319.

[26]  *See, e.g.,* Am. Compl. ¶¶ 43-46, 48-51, 322-348.

*Second,* defendant has not "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits."[27] The Second Circuit has explained the importance of notice in an analogous case, which involved amendment of a complaint to include additional plaintiffs, where plaintiffs sought to use relation back principles to avoid the statute of limitations. The court held:

> Relation back, at least on the facts of this case, would not accord with one of the rationales of *American Pipe [& Construction Co. v. Utah]*, that commencement of the class action adequately notifies the defendants 'not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation.'[28]

In the instant case, the original complaint provided no notice that Espinosa and Montero were raising claims on behalf of dozens of employees. The complaint included only individual claims, and the factual allegations were directly related to the experiences of the two individual plaintiffs. As the Supreme Court has

---

[27] Fed. R. Civ. P. 15(c)(3).

[28] *Arneil v. Ramsey* 550 F.2d 774, 782 (2d Cir. 1977) (quoting *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554-555 (1974)).

stated, "even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation."[29]

*Third*, it is not the case that defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[30] There was no mistake in this case – rather, plaintiffs' counsel obtained new evidence causing him to bring new claims. And plaintiffs have not shown that defendants should have known that this change would occur. Because none of the three requirements of Rule 15(c) have been met (much less all of them), the relation back doctrine does not make plaintiffs' proposed class action claims timely.

Finally, I note that this case does not present a situation in which the plaintiffs mistakenly failed to identify the "real parties in interest" under Rule 17(a). This Rule provides for the correction of errors in pleading – therefore, substitution of plaintiffs "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."[31] But the amendment here is

---

[29] *American Pipe*, 414 U.S. at 554.

[30] Fed. R. Civ. P. 15(c).

[31] *Advanced Magnetics*, 106 F.3d at 20.

11

not merely formal – it alters the original complaint's factual allegations as to *both* events and participants.

The purpose of the relation back doctrine is to prevent defendants "from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."[32] This clearly does not describe the instant situation, which involves new claims and factual allegations by dozens of new plaintiffs, and where defendant did not have notice that such claims would be brought.

---

[32] *VKK Corp.*, 244 F.3d at 128 (quotation marks and citations omitted).

## V. CONCLUSION

The class action claims in plaintiffs' amended complaint were not brought within ninety days of the right-to-sue letter and do not relate back to the filing date of the original complaint. As a result, "'it appears beyond doubt'" that the plaintiffs can prove no set of facts in support of the class action claims which would entitle them to relief.[33] Defendant's motion to dismiss the class action claims in plaintiffs' amended complaint is hereby granted. The Clerk of the Court is directed to close the motion [No. 27 on the Docket Sheet].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
September 27, 2006

---

[33] *Leibowitz*, 445 F.3d at 590 (quoting *Conley*, 355 U.S. at 45).

## - Appearances -

**For Plaintiffs:**

Peter G. Eikenberry, Esq.
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050

**For Defendant:**

Norman C. Simon, Esq.
Robert Neil Holtzman, Esq.
Kramer, Levin , Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-7816