```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NANCY PATRICIA ESPINOSA and
MONICA MONTERO, on behalf of
themselves and as representatives of a
class of persons similarly situated,

                      Plaintiffs,

      - against -

THE DELGADO TRAVEL AGENCY, INC.,

                      Defendant.
------------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

05 Civ. 6917 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Plaintiffs and putative class representatives Nancy Patricia Espinosa and Monica Montero bring this action against their former employer, Delgado Travel Agency, Inc. ("Delgado"), alleging, *inter alia*, that Delgado violated the New York Labor Law by failing to pay them an additional hour at the minimum hourly wage for each day on which the number of hours between their arrival and departure times ("spread of hours") exceeded ten.[1] Defendant now moves for partial summary judgment on two issues. The first issue is whether an employee

---

[1] *See* Amended Class Action Complaint ("Compl.") ¶¶ 33-41.

1

has a viable claim for unpaid spread of hours wages under New York Labor Law where, as here, the employee is paid a weekly amount that exceeds the amount the employee would have been paid at minimum wage, plus an additional hour at minimum wage. The second issue is whether these particular plaintiffs received compensation sufficiently over the minimum wage and are thus barred, as a matter of law, from pursuing their spread of hours claims.

## II.   BACKGROUND[2]

Espinosa was employed as a travel agent by Delgado from August 2003 through April 20, 2004. Montero was employed as a travel agent by Delgado from the middle of 2003 through November 2004. They typically worked six days a week, and plaintiffs allege that their spread of hours typically exceeded ten each day.

From March 31, 2000 through December 31, 2004, the minimum wage in New York was $5.15 per hour. This means that during a forty hour work week, employees must have been paid weekly wages of at least $206 during this period. Although the parties dispute whether plaintiffs were paid a weekly salary

---

[2]   Unless otherwise noted, all facts are taken from the parties' respective Rule 56.1 Statements and are undisputed.

(as opposed to an hourly wage), and how many hours plaintiffs actually worked, those facts are immaterial to the limited scope of this Opinion.[3]

## III. APPLICABLE LAW

### A. Summary Judgment

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[5] A fact is material when it "'might affect the outcome of the suit under the governing law.'"[6]

The movant has the burden of demonstrating that no genuine issue of material fact exists.[7] In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact that does "'not rely on

---

[3] *See* Plaintiffs' Rule 56.1 Statement ¶ 5; Plaintiff's Memorandum in Opposition to Delgado Travel's Motion for Partial Summary Judgment ("Pl. Mem.") at 7.

[4] Fed. R. Civ. P. 56(c).

[5] *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quoting *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998)).

[6] *Bouboulis v. Transport Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

conclusory allegations or unsubstantiated speculation."[8] To do so, it must do more than show that there is a "'metaphysical doubt as to the material facts.'"[9] In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor.[10]

### B. New York Labor Law

Section 142-2.4 of New York's Official Compilation of Codes, Rules and Regulations sets forth a spread of hours wage regulation stating, in pertinent part:

> An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which:
>
> (a) the spread of hours exceeds 10 hours; or
> (b) there is a split shift; or
> (c) both situations occur.[11]

---

[7] *See, e.g., Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[8] *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2002)).

[9] *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[10] *See id.*

[11] N.Y. Comp. Codes R. & Regis. tit. 12, § 142-24(a).

"Spread of hours" is defined as "the interval between the beginning and end of an employee's workday."[12] "The spread of hours for any day includes working time plus time off for meals plus intervals off duty."[13] The regulation does not specify whether it applies if an employee earns more than the statutory minimum wage, and courts in this District are currently split as to its interpretation in this respect.

## III.   DISCUSSION

### A.   New York's Spread of Hours Provision Only Applies to Employees Earning Minimum Wage

Plaintiffs allege that defendant violated New York's spread of hours provision by failing to pay them an additional hour at minimum wage on days when plaintiffs worked a spread of hours exceeding ten hours. In response, defendant maintains that the regulation does not apply to employees who are paid sufficiently above the minimum wage.[14] In arguing for this interpretation, defendant relies on a recent case in this Court, *Chan v. Triple 8 Palace, Inc.*, in which Judge Gerard Lynch held that the plain meaning of the regulation "ensures

---

[12]   *Id.* § 137-3.11.

[13]   *Id.*

[14]   *See* Defendant's Memorandum of Law in Support of its Motion for Partial Summary Judgment at 4-6.

5

an additional wage only 'in addition to the *minimum* wage' required."[15] "It is therefore to be expected that the provision will not affect workers whose total weekly compensation is already sufficiently above the minimum rate."[16]

I agree with Judge Lynch. By its plain language, section 142-2.4(a) only provides supplemental wages to workers who are paid the minimum wage required under New York law. It does not ensure additional compensation to employees whose wages sufficiently exceed that floor.

### B. Plaintiffs' Weekly Pay Sufficiently Exceeded Minimum Wage

Plaintiffs argue that even if New York's spread of hours provision applies only to minimum wage employees, their claims for spread of hours wages survive because they were paid less than the minimum required by law.[17] In support of this assertion, plaintiffs offer a chart purporting to demonstrate that their weekly gross

---

[15] No. 03 Civ. 6043, 2006 WL 851749, at *21 (S.D.N.Y. Mar. 30, 2006) (quoting N.Y. Comp. Codes R. & Regis. tit. 12, § 142-24(a) (emphasis added)). *Accord Franklin v. Breton Int'l, Inc.*, No. 06 Civ. 4877, 2006 WL 3591949, at *4 (Dec. 11, 2006) (concluding that New York's "'spread of hours' provision applies only to workers earning the minimum wage"). *But see Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339-40 (S.D.N.Y. 2005) (declining to limit the provision to only minimum wage employees).

[16] *Chan*, 2006 WL 851749, at *21.

[17] *See* Pl. Mem. at 15.

salaries were consistently lower than the "minimum pay required by *Chan* per week."[18]

But determining whether plaintiffs received more or less than the required minimum hardly requires such creative accounting. According to plaintiffs, their weekly compensation was based on sixty hours of work, and they often worked seventy hours per week.[19] Accordingly, the number of overtime hours they worked is ten (10), which is calculated by subtracting sixty (60) hours from the "Assumed Actual Hours" of seventy (70). Plaintiffs' Real Hourly Rate (X) and their corresponding Real Overtime Rate (1.5X) are calculated according to the following formula:

$$60X + 10(1.5X) = \text{Gross Amount Paid per Week}$$

$$60X + 15X = \text{Gross Amount Paid per Week}$$

$$75X = \text{Gross Amount Paid per Week}$$

$$X = (\text{Gross Amount Paid per Week}) / 75$$

This formula is applied in the following table to compute plaintiffs' real hourly rates:

---

[18] *Id.* at 18 (plaintiffs use the following formula to calculate the minimum pay to which they are entitled under *Chan*: "(40 Hours times Minimum Wage) + (Number of Overtime Hours times Regular Rate times 1.5) + (6 Spread of Hours times Minimum Wage) where Minimum Wage = $5.15 per hour").

[19] *See id.* at 14.

| Plaintiff | Pay Period | Assumed Actual Hours | Real Hourly Rate | Real Overtime Rate | Gross Amount Paid per Week |
|---|---|---|---|---|---|
| Espinosa | 8/10/03 - 8/24/03 | 70 | $6.533 | $9.80 | $490.00 |
| | 10/12/03 12/28/03 | 70 | $7.467 | $11.20 | $560.00 |
| | 1/4/04 - 3/7/04 | 70 | $7.98 | $11.97 | $598.50 |
| Montero | 8/3/03 - 8/31/03 | 70 | $6.533 | $9.80 | $490.00 |
| | 9/7/03 - 9/21/03 | 70 | $6.925 | $10.388 | $519.40 |
| | 10/19/03 4/11/04 | 70 | $7.999 | $11.998 | $599.90 |
| | 5/9/04 - 7/11/04 | 70 | $8.661 | $12.992 | $649.60 |
| | 10/31/04 11/14/04 | 70 | $9.072 | $13.608 | $680.40 |

Because all of the hourly rates indicated above are greater than the applicable minimum wage of $5.15 per hour, plaintiffs cannot be considered minimum wage employees. Therefore, they are not entitled to receive an additional hour at the

minimum rate on days in which their spread of hours exceeded ten. Accordingly, their spread of hours claims are dismissed.[20]

## IV. CONCLUSION

For the reasons stated above, defendant's motion for partial summary judgment is granted. A conference in this matter is scheduled for March 5, 2007, at 2:00 p.m. The Clerk of Court is directed to close this motion [Docket. No. 49].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
       March 2, 2007

---

[20] The same result is reached even if plaintiffs only agreed to work a forty-hour (40) week, in which case their gross weekly pay had to account for thirty (30) hours of overtime. Plugging these numbers into the same formula used above (40X + 30(1.5X) = Gross Amount Paid per Week), demonstrates that the lowest Real Hourly Rate of pay either plaintiff ever received was $5.77, in August 2003, when their gross weekly salaries were $490.00. Thus, even viewing the facts in a light most favorable to plaintiffs, they were always paid sufficiently over the minimum wage to preclude their entitlement to spread of hours wages.

9

## - Appearances -

**For Plaintiffs:**

Peter G. Eikenberry, Esq.
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050

**For Defendant:**

Robert Neil Holtzman, Esq.
Kerri Ann Law, Esq.
Rachel M. Manne, Esq.
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-7816

Jeffrey A. Mitchell, Esq.
M. Alexis Pollock, Esq.
Dreier LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100