UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NANCY PATRICIA ESPINOSA and
MONICA MONTERO,

                        Plaintiffs,                       05-CV-6917
                                                                       (SAS)(FM)

    -against-

THE DELGADO TRAVEL AGENCY, INC.,                   ECF Case

                        Defendant.
------------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR RECONSIDERATION**

**Preliminary statement**

On March 2, 2007, this Court granted defendants' motion for partial summary judgment on the issue of whether plaintiffs are entitled to damages for unpaid spread-of-hours wages under Section 142-2.4 of New York's Compilation of Codes, Rules and Regulations. First, following Judge Lynch's opinion in *Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749 (S.D.N.Y. Mar. 30, 2006), the Court held that the spread-of-hours regulation does not apply to employees earning more than the minimum wages required by law. Second, the Court found that plaintiffs' weekly pay sufficiently exceeded the minimum wages required by law. In granting defendants' motion on these grounds, it appears that this Court has misinterpreted the overtime provision of the Fair Labor Standards Act, 29 U.S.C. §207(a)(1). As explained below, the calculation used by the Court in determining that plaintiffs' weekly pay exceeded the minimum wage required is inconsistent with 29 U.S.C. §207(a)(1).

**The argument**

The calculations used by the Court in determining that plaintiffs' weekly pay exceeded the minimum pay required for purposes of the spread-of-hours regulation are mistaken as the calculations assume that plaintiffs are entitled to overtime compensation for only the hours worked in excess of 60 hours per week and as they determine the minimum compensation due for overtime hours using the minimum wage rate, rather than plaintiffs' regular rates.

The Fair Labor Standards Act states that "no employer shall employ any of his employees . . . for a workweek longer than *forty hours* unless such employee receives compensation for his employment in excess of [forty] at a rate not less than one and one-

half times the *regular rate* at which he is employed." 29 U.S.C. §207(a)(1) (emphasis added).[1]

The calculations on page 7 and 8 of the Court's opinion and order are based on a false premise in that they assume that plaintiffs worked 70 hours per week yet treat only 10 hours per week as overtime:

> According to plaintiffs, their weekly compensation was based on sixty hours of work, and they often worked seventy hours per week. Accordingly, *the number of overtime hours they worked is ten (10), which is calculated by subtracting sixty (60) hours from the "Assumed Actual Hours" of seventy (70)*.

Opinion and Order at 7 (emphasis added). The fact that plaintiffs' "weekly compensation was based on sixty hours of work" is irrelevant in determining the number of overtime hours. Under 29 U.S.C. §207(a)(1), any hours in excess of 40 per week must be treated as overtime. Thus, plaintiffs worked 30 hours of overtime each week, assuming a 70 hour workweek.

In a footnote, the Court states that "[t]he same result is reached even if plaintiffs only agreed[2] to work a forty-hour (40) week, in which their gross weekly pay had to account for thirty (30) hours of overtime." Opinion and Order at 9, fn. 20. However, even using the correct number of overtime hours, the Court's calculations are incorrect

---

[1] New York's overtime regulation mirrors the FLSA:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.,* the Fair Labor Standards Act of 1938, as amended . . . . N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

[2] Under 29 U.S.C. §207, the number of hours plaintiffs "agreed to work" is irrelevant in determining the number of overtime hours, as employees must be compensated at one and one-half times the regular rate for hours worked in excess of forty hours per week.

3

because they use the minimum wage rate in calculating the minimum pay required for plaintiffs' overtime hours. 29 U.S.C. §207(a)(1) makes it clear that overtime hours must be compensated "at a rate *not less than* one and one-half times the *regular rate* at which he is employed." 29 U.S.C. §207(a)(1). Thus, plaintiffs' regular rate, not the minimum wage rate, must be used in calculating the "minimum wage required" for plaintiffs' overtime hours for purposes of New York's spread-of-hours regulation.

In order to be consistent with 29 U.S.C. §207(a)(1) and the spread-of-hours regulation as interpreted by *Chan* and this Court, the minimum pay required for one week must be calculated as follows when the spread of hours exceeds ten for six days:

(40 Hours times Minimum Wage) + (Number of Overtime Hours times Regular Rate times 1.5) + (6 Spread of Hours times Minimum Wage)

This is the calculation used by the New York Department of Labor's 2003 Opinion Letter[3], which was adopted by Judge Lynch in *Chan*.

Using the correct calculation, as demonstrated by the charts in Appendices A and B of Plaintiff's Memorandum in Opposition, plaintiffs' compensation was invariably

---

[3] The Department of Labor's 2003 Opinion Letter set forth the following example:

> To illustrate [the spread of hours calculation], an employee worked 5 days per week, 12 hours per day and was paid a rate equivalent to $8.00 per hour. The total minimum wage due for the workweek would be 40 hours times $5.15 ($206), plus 32 hours at one and one-half times the employee's *regular hourly rate* of $8.00 ($384), plus 6 hours times $5.15, which represents the spread-of-hours pay for each day worked in excess of 10 hours ($30.90) for a total weekly minimum wage of $620.90.
>
> If the weekly wages actually paid to the employees equals or exceeds the amount of $620.90 then no additional payments are due the employee because of the spread-of-hours provision found in 12 NYCRR § 142-2.4. (Ex. H, attached to the declaration of Robert N. Holtzman in support of Defendants' motion for partial summary judgment, at 1-2) (emphasis added.)

lower than the minimum pay required regardless of how plaintiffs' regular rate is determined, [4] assuming that plaintiffs worked 70 hours per week. Thus, genuine issues of material fact exist as to whether Delgado Travel is liable for spread-of-hours damages, and this Court should reconsider its Opinion and Order granting summary judgment on this issue.

**Conclusion**

Wherefore, it is respectfully requested that plaintiffs' motion for reconsideration be granted and that defendants' motion for partial summary judgment be denied.

March 12, 2007

                                                              /s/
Ronald John Warfield (RJW-7620)
The Warfield Group
100 Park Avenue, 16th Floor
New York, New York 10017
(212) 880-2630

Peter G. Eikenberry (PGE-7257)
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050

Attorneys for plaintiffs

*On the brief*
Robert C. Ruhlin

---

[4] Point V of plaintiffs' memorandum in opposition demonstrates that plaintiffs' regular rate should be calculated by dividing plaintiffs' weekly salaries by 60 (the number of hours the salaries were intended to cover), and the chart in Appendix A demonstrates that plaintiffs were never paid the minimum pay required under the spread-of-hours regulation. But the chart in Appendix B demonstrates that plaintiffs were paid less than the minimum pay required even if the purported hourly rate paid by Delgado Travel is used as plaintiffs' "regular rate."