UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NANCY PATRICIA ESPINOSA and                                 :
MONICA MONTERO,                                             :   MEMORANDUM
                                                            :   OPINION AND ORDER
                    Plaintiffs,                             :
                                                            :   05 Civ. 6917 (SAS)
        - against -                                         :
                                                            :
THE DELGADO TRAVEL AGENCY, INC.,                            :
                                                            :
                    Defendant.                              :
------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On March 2, 2007, this Court issued a Memorandum Opinion and Order (the "March 2nd Order")[1] granting defendant's motion for partial summary judgment and dismissing plaintiffs' spread-of-hours claims.[2] Plaintiffs now move for reconsideration of the March 2nd Order under Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 6.3"). For the following reasons, plaintiffs' motion is granted in part and denied in part.

---

[1] *See Espinosa v. Delgado Travel Agency, Inc.*, No. 05 Civ. 6971, 2007 WL 656271 (S.D.N.Y. Mar. 2, 2007).

[2] Under New York law, employers must pay "one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required [by New York's minimum wage law], for any day in which (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur." N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4.

## I. STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[3] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[4]  Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[5]

Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court.[6]  A motion

---

[3] See Pattterson v. United States, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983)).

[4] Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Accord Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (quotation marks and citation omitted).

[5] In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation marks and citation omitted).

[6] See Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 400 (2d Cir. 2000).

for reconsideration is not a substitute for appeal.[7] Nor is it "a 'second bite at the apple' for a party dissatisfied with a court's ruling."[8] Accordingly, the moving party may not "advance new facts, issues or arguments not previously presented to the Court."[9]

## II.  DISCUSSION

In the March 2nd Order, I held that the spread-of-hours regulation does not apply to employees earning more than the minimum wage required under New York law.[10] Plaintiffs do not challenge this holding in their motion for reconsideration.[11] In the March 2nd Order, I also calculated the real hourly rates and real overtime rates at which plaintiffs were paid. In applying the formula described in the March 2nd Order, I determined that all of the hourly rates at which

---

[7] *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002).

[8] *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004).

[9] *Caribbean Trading and Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (quotation marks and citation omitted).

[10] *See Espinosa*, 2007 WL 656271, at *2 ("By its plain language, section 142-2.4(a) only provides supplemental wages to workers who are paid the minimum wage required under New York law. It does not ensure additional compensation to employees whose wages sufficiently exceed that floor.").

[11] *See* Plaintiffs' Memorandum in Support of Their Motion for Reconsideration ("Recon. Mem.").

plaintiffs were paid were above the applicable minimum wage of $5.15 per hour.[12] Accordingly, I held that because plaintiffs were consistently paid at hourly rates which exceeded the minimum wage of $5.15 per hour, they were not entitled to any spread-of-hours wages.[13]

Plaintiffs challenge this latter holding, claiming that "this Court has misinterpreted the overtime provision of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1)."[14] Plaintiffs point out that under section 207(a)(1), "any hours in excess of 40 per week must be treated as overtime. Thus, plaintiffs worked 30 hours of overtime each week, assuming a 70 hour workweek."[15] According to plaintiffs, in determining the "minimum wage required" for purposes of New York's spread-of-hours regulation, overtime hours must be compensated "'at a rate not less than one and one-half times the regular rate at which [an employee] is employed.'"[16] Furthermore, in determining the minimum wage required per week, plaintiffs

---

[12] *See id.* at *3. Under the forty-hour workweek scenario, plaintiffs' lowest real hourly rate was $5.77, which was paid in August 2003 when plaintiffs' gross weekly salaries were $490.00. *See id.* n.20.

[13] *See id.*

[14] Recon. Mem. at 2.

[15] *Id.* at 3.

[16] *Id.* at 4 (quoting 29 U.S.C. § 207(a)(1)).

argue in favor of the following formula, which has been applied by New York's Department of Labor:

> (40 Hours times Minimum Wage per Hour) + (Number of Overtime Hours times Regular Rate times 1.5) + (6 Spread of Hours times Minimum Wage per Hour)[17]

Upon review, I now conclude that this Court overlooked both controlling law and controlling facts, thereby requiring reconsideration of the March 2nd Order. Upon reconsideration, the Court makes the following findings of fact and conclusions of law. *First*, as noted by defendant, plaintiffs cannot dispute that they were "hourly" employees.[18] Both plaintiffs testified at their depositions that they were paid an hourly rate and each recalled what she was paid per hour.[19]

---

[17] *Id.* at 4. This is the formula described in the November 21, 2003 letter from the New York Department of Labor ("Department of Labor's 2003 Opinion Letter"). The example offered by the Department of Labor describes an employee who worked six days a week, not five days a week as recounted by plaintiffs, for twelve hours a day, at a rate equivalent to $8.00 per hour. *See* Department of Labor's 2003 Opinion Letter, Ex. H to the Declaration of Robert N. Holtzman in Support of Defendant's Motion for Partial Summary Judgment.

[18] *See* Defendant's Reply Memorandum of Law in Further Support of its Motion for Partial Summary Judgment at 8 (stating that plaintiffs' "disingenuous argument" that they were weekly salaried employees is "belied by Plaintiffs' unequivocal deposition testimony in which they repeatedly stated that they were paid an hourly rate"). *See also* 3/30/07 Letter from Robert N. Holtzman, defendant's attorney, to the Court at 2 ("Plaintiffs testified unequivocally at their depositions that they were hourly employees - not weekly salaried employees.").

[19] Espinosa testified that she was initially paid $7.50 per hour, which was raised to $8.00 per hour and then to $8.55 per hour. *See* Espinosa Deposition

Once it is clear that plaintiffs were hourly rate employees, the New York City Rules and Regulations provide the formula for determining an employee's "regular rate" of pay. "The term *regular rate* shall mean the amount that the employee is regularly paid for each hour of work."[20]  *Second*, plaintiffs are correct that the Fair Labor Standards Act requires that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for [her] employment in excess of [forty hours] at a rate not less than one and one-half times the *regular rate* at which [she] is employed."[21]  As a result, the Court erred when it calculated a sixty-hour work week with ten hours of overtime.

When the correct law and facts are considered, this Court adheres to

---

Transcript, Ex. A to the Reply Declaration of Robert N. Holtzman in Further Support of Defendant's Motion for Partial Summary Judgment, at 332-34. Montero testified that she was initially paid either $6.00 or $6.50 per hour which was raised to $7.00 per hour. *See id.* Ex. B, Montero Deposition Transcript at 57-63.

[20]  N.Y. Comp. Codes R. & Regs. tit. 12 § 142-3.14 (italics in original). This section provides a different formula for calculating the regular hourly wage rate for employees who are paid on any basis other than an hourly wage. *See id.* ("When an employee is paid on a piece-rate, salary or *any basis other than hourly rate*, the regular hourly rate shall be determined by dividing the total hours worked during the week into the employees's total earnings.") (emphasis added).

[21]  29 U.S.C. § 207(a)(1).

the calculations set forth in footnote 20 of the March 2nd Opinion, with one exception. In that footnote, the Court calculated plaintiffs' real hourly rate based on a forty-hour work week with thirty hours of overtime. However, because there is no question that plaintiffs worked more than ten hours a day from start to finish (since they worked seventy hours in six days), an extra hour per day at the minimum wage of $5.15 must be added in order to determine the required minimum wage per week according to the Department of Labor's formula, which plaintiffs urge the Court to apply.[22]

Applying that formula to the regularly hourly rates determined by this Court, plaintiffs are entitled to spread-of-hours pay where indicated in the tables below. For those time periods having a zero in the last column, defendant's motion for partial summary judgment is granted because plaintiffs earned more than the minimum wage per week and, therefore, are not entitled to additional spread-of-hours pay.

---

[22] I note that apart from this Court's calculation of the real hourly rates, plaintiffs have conceded that their hourly rates of pay exceeded the hourly minimum wage. *See supra* note 19 and plaintiffs' Amended Complaint.

| Plaintiff | Pay Period | Real Hourly (Regular) Rate[23] | Minimum Wage Per 2003 DOL Op. Ltr.[24] | Gross Amount Paid per Week | Additional Spread-of-Hours Pay |
|---|---|---|---|---|---|
| Espinosa | 8/3/03 - 8/24/03 | $5.77 | $496.55 | $490.00 | $97.85[25] |
| | 8/25/03 - 9/07/03 | $5.52 | $485.30 | $469.00 | $61.80[26] |
| | 9/8/03 - 9/14/03 | $4.53 | $440.75 | $385.00 | $30.90[27] |
| | 9/15/03 - 10/5/03 | $5.77 | $496.55 | $490.00 | $92.70[28] |
| | 10/6/03 2/22/04 | $6.59 | $533.45 | $560.00 | $ 0 |

---

[23] Plaintiffs' regular hourly rates are determined in accordance with the following formula:

$40X + 30(1.5X) = $ Gross Amount Paid
$40X + 45X = $ Gross Amount Paid
$85X = $ Gross Amount Paid
$X = $ Gross Amount Paid$/85$

[24] Minimum wage per week amounts are determined as follows:

| | Minimum Wage for 40 hours = 40 X $5.15 = | $206.00 |
| plus | Spread-of-Hours Pay = 6 X $5.15 = | $30.90 |
| plus | Overtime (30 x regular rate x 1.5) = | variable |

[25] Spread-of-Hours Pay for Nineteen Days = $5.15 X 19 = $97.85.

[26] Spread-of-Hours Pay for Twelve Days = $5.15 X 12 = $61.80.

[27] Spread-of-Hours Pay for Six Days = $5.15 X 6 = $30.90.

[28] Spread-of-Hours Pay for Eighteen Days = $5.15 X 18 = $92.70.

| Plaintiff | Pay Period | Real Hourly (Regular) Rate | Minimum Wage Per 2003 DOL Op. Ltr. | Gross Amount Paid per Week | Additional Spread-of-Hours Pay |
|---|---|---|---|---|---|
| | 2/23/04 - 3/7/04 | $7.04 | $553.70 | $598.50 | $ 0 |
| | 3/8/04 - 3/14/04 | $5.53 | $485.75 | $470.25 | $30.90 |
| | 3/15/04 - 4/18/04 | $7.04 | $553.70 | $598.50 | $ 0 |
| | 4/19/04 - 4/25/04 | $3.04 | $373.70 | $258.50 | $30.90 |
| | | | | Total | $ 345.05 |

| Plaintiff | Pay Period | Real Hourly (Regular) Rate[29] | Minimum Wage Per 2003 DOL Op. Ltr.[30] | Gross Amount Paid per Week | Additional Spread-of-Hours Pay |
|---|---|---|---|---|---|
| Montero | 6/23/03 - 7/13/03 | $5.27 | $474.05 | $447.69 | $92.70 |
| | 7/14/03 - 7/27/03 | $5.67 | $492.05 | $482.13 | $61.80 |

---

[29] Plaintiffs' regular hourly rates are determined in accordance with the following formula:
$$40X + 30(1.5X) = \text{Gross Amount Paid}$$
$$40X + 45X = \text{Gross Amount Paid}$$
$$85X = \text{Gross Amount Paid}$$
$$X = \text{Gross Amount Paid}/85$$

[30] Minimum wage per week amounts are determined as follows:
    Minimum Wage for 40 hours = 40 X $5.15 =    $206.00
  plus    Spread-of-Hours Pay    = 6 X $5.15 =   $30.90
  plus    Overtime (30 x regular rate x 1.5)    =   variable

| | | | | | |
|---|---|---|---|---|---|
| | 7/28/03 - 8/31/03 | $5.76 | $496.10 | $490.00 | $154.50[31] |
| | 9/1/03 - 10/5/03 | $6.11 | $511.85 | $519.40 | $ 0 |
| | 10/6/03 - 4/11/04 | $7.06 | $554.60 | $599.90 | $ 0 |
| | 4/12/04 - 4/18/04 | $5.55 | $486.65 | $471.35 | $30.90 |
| | 4/19/04 - 5/2/04 | $7.06 | $554.60 | $599.90 | $ 0 |
| | 5/3/04 - 7/11/04 | $7.64 | $580.70 | $649.60 | $ 0 |
| | 7/12/04 - 7/18/04 | $6.00 | $506.90 | $510.40 | $ 0 |
| | 7/19/04 - 9/12/04 | $7.64 | $580.70 | $649.60 | $ 0 |
| | 9/13/04 - 9/19/04 | $8.00 | $596.90 | $680.40 | $ 0 |
| | 9/20/04 - 10/3/04 | $6.29 | $519.95 | $534.60 | $ 0 |
| | 10/4/04 - 10/17/04 | $8.00 | $596.90 | $680.40 | $ 0 |
| | 10/18/04 - 10/24/04 | $6.29 | $519.95 | $534.60 | $ 0 |
| | 10/25/04 - 11/14/04 | $8.00 | $596.90 | $680.40 | $ 0 |
| | | | | Total | $ 339.90 |

---

[31] Spread-of-Hours Pay for Thirty Days = $5.15 X 30 = $154.50.

## III.  CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration of the March 2nd Order is granted in part and denied in part. The Clerk of the Court is directed to close this motion [Document # 63].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            April 24, 2007

- **Appearances** -

**For Plaintiffs:**

Ronald J. Warfield, Esq.
The Warfield Group
100 Park Avenue, 16th Floor
New York, New York 10017
(212) 880-2630

Peter G. Eikenberry, Esq.
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050

**For Defendant:**

Robert N. Holtzman, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100